■ Guy Bowen, Jr., et al., Respondents, v New York City Housing Authority, Appellant. [620 NYS2d 290] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), entered September 29, 1993, as denied its motion for summary judgment dismissing the complaint, and granted that branch of the plaintiffs' cross motion which was to compel the defendant to comply with their discovery demands.

Ordered that the order is affirmed insofar as appealed from, with costs, and the appellant's time to comply with the plaintiffs' discovery demands is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

In support of its motion for summary judgment dismissing the complaint, the defendant maintained, inter alia, that the actions of the infant plaintiff in exiting a stalled elevator and attempting to climb a short distance to the next floor landing, were not foreseeable and thus absolved it of any liability resulting from its own negligence in failing to properly maintain the elevator.

The Supreme Court properly denied the motion. It cannot be said as a matter of law that the defendant's negligence was superseded by an unforeseeable event (see, Lopez v New York City Hous. Auth., 159 AD2d 236).

We further conclude that the plaintiffs' discovery demands, as limited by the order appealed from, were material and relevant to the prosecution of their case (see, CPLR 3101 [a];

*Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.