■ THOMAS HUMBACH, Respondent, v ARLENE J. GOLDSTEIN et al., Respondents-Appellants and D & D ELEVATOR MAINTENANCE AND REPAIR et al., Appellants-Respondents. [686 NYS2d 54] —In an action to recover damages for personal injuries, (1) the defendants D & D Elevator, Inc., and Robert Schaeffer d/b/a D & D Elevator Maintenance & Repair appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered February 19, 1998, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendants Arlene Joyce Goldstein, 40 Barker Avenue Co., and Samson Management Co. separately appeal, as limited by their brief, from so much of the same order as denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them, or, in the alternative, for summary judgment on their cross claim for indemnification against the defendants D & D Elevator, Inc., and Robert Schaeffer d/b/a D & D Elevator Maintenance & Repair. The notice of appeal of the defendants D & D Elevator, Inc., and Robert Schaeffer d/b/a D & D Elevator Maintenance & Repair, from a decision dated January 12, 1998, is deemed a premature notice of appeal from the order (*see,* CPLR 5520 [c]).

Ordered that the order is affirmed, with one bill of costs to the respondent payable by the appellants and appellants-respondents.

The plaintiff commenced this action against Arlene Joyce Goldstein, 40 Barker Avenue Co., and Samson Management

Co. (hereinafter the owners), as well as D & D Elevator, Inc., and Robert Schaeffer d/b/a D & D Elevator Maintenance & Repair (hereinafter collectively referred to as D & D Elevator) to recover damages for injuries he sustained when he tried to escape from a stalled elevator in an apartment building. The plaintiff, who was attending a party in the building, entered the elevator at about midnight with four other guests. The elevator stopped between the fourth and fifth floors almost immediately after it began to descend to the lobby. The plaintiff and his fellow passengers pressed the buttons for other floors, pushed the alarm button, pounded on the walls and screamed for help but no one responded. It is not clear how long the plaintiff waited for help before he pried open the elevator door and tried to lower himself to the fourth floor, which was about five feet below the elevator floor. The plaintiff lost his grip and fell to the bottom of the elevator shaft, sustaining serious injuries.

Contrary to the contention of D & D Elevator, it cannot be said, as a matter of law, that the plaintiff's conduct was a superseding intervening act which broke the causal connection between their alleged negligence and his injuries. It is well established that an intervening act constitutes a superseding cause and relieves the defendant of liability when "the act is of such extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (*Kush v City of Buffalo,* 59 NY2d 26, 33). Here, there is a question of fact as to whether the plaintiff's conduct was a foreseeable consequence of an emergency situation created by the defendants' alleged negligence (*cf., Jackson v Greene,* 201 NY 76; *Antonik v New York City Hous. Auth.,* 235 AD2d 248). Accordingly, the Supreme Court properly denied the motions of D & D Elevator for summary judgment dismissing the complaint (*see, Bowen v New York City Hous. Auth.,* 210 AD2d 278; *Lopez v New York City Hous. Auth.,* 159 AD2d 236).

We also find that the owners' separate motion for summary judgment dismissing the complaint, or in the alternative, for summary judgment on their cross claim for common-law indemnification against D & D Elevator, was untimely (*see,* CPLR 3212 [a]). Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.