OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, the motions of defendants A.J. Construction Corporation and Otis Elevator Company for summary judgment dismissing the complaint as against them granted, and the certified question answered in the negative.
 

 Shortly after 7:30 a.m. on March 3, 1992, plaintiff, a carpenter working on the construction of a Manhattan office building, entered one of the building’s freight elevators along with 25 to 30 other construction workers. After the elevator ascended six feet above the lobby, it came to a smooth stop and stalled. The elevator operator immediately telephoned the lobby and requested assistance. After stalling, the elevator remained lit, and did not move or make any noise. Approximately 10 to 15 minutes later, two workers standing toward the front of the elevator manually opened the car’s inner and outer doors and jumped to the lobby floor. When only plaintiff and the operator remained, plaintiff jumped, landing on his heels. As a result of the impact, plaintiff claims he felt a shock in his spine and later began to experience intermittent pain in his back, neck and right foot.
 

 Plaintiff subsequently brought this negligence and Labor Law action against the property’s lessee, the general contrac
 
 *841
 
 tor, the contractor that hired plaintiffs company and the elevator manufacturer. Supreme Court dismissed plaintiffs Labor Law § 241 (6) and § 241-a claims, finding those provisions inapplicable. With respect to the remaining claims, the court concluded that plaintiffs conduct was not a superseding cause of his injuries as a matter of law, and accordingly refused to dismiss the claims on this ground. A divided Appellate Division dismissed plaintiffs Labor Law § 240 (1) claim and otherwise affirmed, leaving the Labor Law § 200 and common-law negligence claims intact. The two dissenters agreed to the dismissal of the section 240 (1) claim, but concluded that plaintiffs jump was a superseding cause of his injuries, warranting dismissal of his remaining claims as well. The Appellate Division subsequently granted defendants A.J. Construction Corporation and Otis Elevator Company leave to appeal to this Court. We now reverse and dismiss the surviving claims against these defendants.
 

 As a matter of law, plaintiffs act of jumping out of a stalled elevator six feet above the lobby floor after the elevator’s doors had been opened manually was not foreseeable in the normal course of events resulting from defendants’ alleged negligence. Plaintiff, an experienced worker, was not threatened by injury while in the stalled elevator, which had come to a smooth stop and remained motionless, quiet and lit. Furthermore, he was aware that the elevator operator had telephoned for assistance. Although plaintiff was inconvenienced, he had only been on the elevator for 10 to 15 minutes when he decided to put his safety at risk by jumping, and there was no indication that the subsequent delay would be inordinately long. Thus, plaintiffs jump superseded defendants’ conduct and terminated defendants’ liability for his injuries
 
 (see, Jackson v Greene,
 
 201 NY 76, 79,
 
 rearg denied
 
 202 NY 544;
 
 Boltax v Joy Day Camp,
 
 67 NY2d 617).
 

 Plaintiffs reliance on
 
 Humbach v Goldstein
 
 (255 AD2d 420) is misplaced. In that case, plaintiff sustained serious injuries when he fell while attempting to lower himself from a stalled elevator to the nearest floor. Unlike the instant case, however, plaintiff and his fellow passengers in
 
 Humbach,
 
 who were on an elevator at about midnight when it stalled, “pressed the buttons for other floors, pushed the alarm button, pounded on the walls and screamed for help but no one responded” for an uncertain period of time
 
 (id.,
 
 at 421). Thus, in contrast to the case before us,
 
 Humbach
 
 presented an issue of fact as to whether plaintiffs conduct was a foreseeable consequence of an
 
 *842
 
 emergency situation created by the defendants’ alleged negligence.
 

 Finally, plaintiff emphasizes that his ill-fated jump was preceded by the uneventful jumps of the other workers in the elevator with him. In this context, however, the previous successful jumps from the safe elevator car did not render plaintiff’s conduct — jumping through the manually opened elevator doors to the concrete floor six feet below when he was in no danger and help had been summoned — either less risky or more foreseeable.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum.
 

 Order reversed, etc.