■ BRIAN DEVOY et al., Appellants-Respondents, v 1110/1130 STADIUM OWNERS CORP., Respondent-Appellant, and STALEY ELEVATOR COMPANY, INC., et al., Respondents. [704 NYS2d 572] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 8, 1999, which, in an action for personal injuries sustained as a result of an allegedly defective elevator, insofar as appealed from as limited by the briefs, granted defendant elevator maintenance company's motion for summary judgment dismissing all claims as against it, and denied defendant building owner's motion for the same relief, unanimously affirmed, without costs.

Plaintiff's invocation of the doctrine of res ipsa loquitur as against the elevator maintenance company was properly rejected under the present circumstances, where plaintiff himself kicked open the elevator shaftway door (*see, Burgess v Otis El. Co.*, 114 AD2d 784, 787, *affd* 69 NY2d 623). The uncontradicted deposition testimony is that a plastic bag became stuck in the overspeed governor located in the elevator motor room, and that this caused the elevator to stop between floors. That the shaftway door was closed when the elevator stopped and was opened by plaintiff's voluntary action does not, as the building owner argues, constitute a supervening cause of the accident as a matter of law. Whether plaintiff's attempt to extricate himself from the stuck elevator was a foreseeable consequence of an emergency situation created by the building owner's alleged negligence in not properly maintaining the motor room is an issue of fact (*see, Humbach v Goldstein*, 255 AD2d 420). We have considered the building owner's other contentions and find them unpersuasive. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.