■ AIDA TORRES et al., Respondents, v INDUSTRIAL CONTAINER, Defendant, and CHEMICAL PRODUCTS CORPORATION, Appellant. (And a Third-Party Action.) [760 NYS2d 128] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered October 16, 2002, which, in an action for personal injuries and wrongful death allegedly caused by plaintiffs' decedents' exposure to sodium sulfide manufactured and sold to the decedents' employer by defendant-appellant, inter alia, denied appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Appellant cannot obtain summary judgment by pointing to gaps in plaintiffs' proof. Rather, appellant must adduce affirmative evidence that the metal drum in question, which bore a label reading "sodium sulfide," was not involved in the accident, did not contain sodium sulfide or was not manufactured by it (*see Antonucci v Emeco Indus.*, 223 AD2d 913, 914 [1996]). This it failed to do. Accordingly, the motion must be denied regardless of the sufficiency of plaintiffs' opposing papers (*see id.*). In addition, issues regarding the adequacy of instructions or warnings are generally inappropriate for summary judgment treatment (*see Haight v Banner Metals*, 300 AD2d 356 [2002]; *Morrow v Mackler Prods.*, 240 AD2d 175, 176 [1997]). Here, while the label did warn users to keep the sodium sulfide away from acids, there is no showing that users could be expected to know that such a mixture would lead to the production of deadly gas, rather than a lesser danger, and thus the adequacy of the warning remains in issue. Appellant's remaining arguments are unavailing. Concur—Buckley, P.J., Nardelli, Mazzarelli, Sullivan and Gonzalez, JJ.