■ CORNELIUS JENNINGS, Respondent-Appellant, v 1704 REALTY, L.L.C., et al., Appellants, and ADVANTAGE ELEVATOR COMPANY, INC., Respondent. [834 NYS2d 160]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered March 20, 2006, which denied the motion by defendants 1704 Realty and CLK Management for summary judgment, granted the motion by Advantage Elevator for summary judgment, and denied plaintiff's cross motion to the extent that it sought permission to amend his pleadings to assert an alternate factual theory for recovery, unanimously modified, on the law, the motion by 1704 Realty and CLK Management for summary

judgment dismissing the complaint as against them granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff's asserted facts, that the elevator's fifth floor door opened but the elevator was not present, causing him to fall down the elevator shaft, are negated by plaintiff's own expert neurologist, who averred that plaintiff's recollection of the events "may not be reliable" and that plaintiff admitted that he cannot recall the circumstances of his fall. Throughout plaintiff's briefs before this Court, plaintiff admits that he cannot recall the events of his accident. Under these circumstances, his affidavit raises no genuine issue of fact as to any liability on defendants' part (see Kane v Estia Greek Rest., 4 AD3d 189 [2004]).

Even if plaintiff were permitted to amend his bill of particulars to assert that he was stuck in the elevator between floors, manually opened the door and tried to jump or climb out of the elevator, as the other witnesses testified, defendants would still be entitled to summary judgment since no evidence that plaintiff faced an emergency situation, as opposed to a mere inconvenience, was presented. The uncontested evidence demonstrates that the elevator was well lit, not moving and not making any noise. Further, plaintiff was inebriated, and had just been told by one of the witnesses that help was on the way. The record does not support plaintiff's assertion that the elevator was "extremely hot." Under these circumstances, plaintiff's act of manually opening the elevator door and jumping out was not a foreseeable consequence of defendants' alleged negligence (see Egan v A.J. Constr. Corp., 94 NY2d 839 [1999]; Antonik v New York City Hous. Auth., 235 AD2d 248 [1997], lv denied 89 NY2d 813 [1997]).

The court properly denied plaintiff's cross motion, on the eve of trial, to amend his bill of particulars to assert the set of facts testified to by the other witnesses. Plaintiff offered neither an affidavit of merit nor a sufficiently reasonable excuse for the belated motion; defendants would be prejudiced as their discovery efforts were aimed at disproving plaintiff's version of events (see Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392, 399-400 [2003], lv dismissed 100 NY2d 636 [2003]; Kassis v Teachers Ins. & Annuity Assn., 258 AD2d 271 [1999]; Vega v Lenox Hill Hosp., 235 AD2d 302 [1997]). In any event, even if the court permitted the amendment of the bill of particulars, this factual scenario could not defeat summary judgment for the reasons stated above, as there is no evidence that plaintiff faced an emergency situation when he jumped off the elevator.

The court properly granted Advantage Elevator's motion for summary judgment. "In the absence of a contract for routine or systematic maintenance, an independent repairer/contractor has no duty to install safety devices or to inspect or warn of any purported defects" (*Kleinberg v City of New York*, 27 AD3d 317, 317 [2006]; *Daniels v Kromo Lenox Assoc.*, 16 AD3d 111 [2005]). Advantage had no such maintenance contract with the owner or managing agent of the building, but performed repairs only when requested, on an "open order" basis. There is no evidence that Advantage assumed any additional responsibility, nor is there any evidence that Advantage created the defect that led to plaintiff's accident. Concur—Tom, J.P., Mazzarelli, Sullivan, Gonzalez and McGuire, JJ.