■ NANLALL SOOMAROO, Respondent, v MAINCO ELEVATOR & ELECTRICAL CORPORATION, Appellant. [838 NYS2d 119]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated March 27, 2006, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A plaintiff's actions which are extraordinary and unforeseeable will be deemed a superseding cause which severs the causal connection between the defendant's negligence and the plaintiff's injuries (*see Kriz v Schum*, 75 NY2d 25, 36 [1989]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Whether a plaintiff's act is a superseding cause or whether it is a normal consequence of the situation created by the defendant are generally questions for the trier of fact to determine (*see Derdiarian v Felix Contr. Corp., supra*).

Under the circumstances of this case, the defendant failed to make a prima facie showing that the plaintiff's actions were unforeseeable or of such a character as to sever the causal connection between the defendant's alleged negligence and the plaintiff's injury (*see Humbach v Goldstein*, 255 AD2d 420, 421 [1998]; *see also Devoy v 1110/1130 Stadium Owners Corp.*, 270 AD2d 131 [2000]). Accordingly, the defendant failed to establish, as a matter of law, that the plaintiffs' actions were a superseding cause absolving the defendant from liability (*see Kriz v Schum, supra*; *Derdiarian v Felix Contr. Corp., supra* at 316; *Humbach v Goldstein, supra*; *Bowen v New York City Hous. Auth.*, 210 AD2d 278 [1994]; *Lopez v New York City Hous. Auth.*, 159 AD2d 236, 237 [1990]). Since the defendant failed to satisfy its initial burden of establishing, prima facie, its entitlement to judgment as a matter of law, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Bowen v New York City Hous. Auth., supra*; *see also Gilbert v Kingsbrook Jewish Ctr.*, 4 AD3d 392 [2004]). Spolzino, J.P., Skelos, Dillon and McCarthy, JJ., concur.