■ ROBIN R. OWENS, Plaintiff, v STEVENSON COMMONS ASSOCIATES, L.P., et al., Appellants-Respondents, MAINCO ELEVATOR & ELECTRICAL CORP., Respondent-Appellant, and CAMBRIDGE SECURITY SERVICES CORP., Respondent. [883 NYS2d 41]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered November 1, 2007, which, to the extent appealed from, denied defendant Mainco's summary judgment motion for dismissal of the complaint and all cross claims against it, contractual indemnification on Mainco's cross claims against defendants Stevenson Commons and Grenadier Realty (collectively Stevenson), and common-law indemnification from defendant Cambridge Security, and denied Stevenson's summary judgment cross motion for dismissal of the complaint against it and on its cross claims against Mainco and Cambridge, affirmed, without costs.

This action stems from injuries allegedly sustained by plaintiff on July 6, 2004, while being removed by two Cambridge security guards from a disabled elevator in a building owned and managed by Stevenson. The elevator was regularly maintained by Mainco pursuant to a contract between it and Stevenson.

Mainco's substantial control over maintenance of the elevator was sufficient to support an inference of negligence on its part (*see Rogers v Dorchester Assoc.*, 32 NY2d 553, 561 [1973]). Stevenson's liability under Multiple Dwelling Law § 78 likewise militates against summary dismissal of the complaint against it (*see Ortiz v Fifth Ave. Bldg. Assoc.*, 251 AD2d 200, 201 [1998]).

Although the record indicates that plaintiff was removed from the elevator in a nonemergent situation by persons not trained in elevator evacuation procedures, there is also evidence that Mainco supplied Cambridge with the elevator keys and instructions on how to open the doors in case of emergency. The record also indicates that Cambridge sometimes removed trapped passengers from elevators in buildings owned by Stevenson. Questions of fact as to the foreseeability of Cambridge's actions in removing plaintiff from the elevator preclude summary dismissal of the complaint as against Mainco and Stevenson (*see Devoy v 1110/1130 Stadium Owners Corp.*, 270 AD2d 131 [2000]; *cf. Egan v A.J. Constr. Corp.*, 94 NY2d 839 [1999]; *Antonik v New York City Hous. Auth.*, 235 AD2d 248 [1997], *lv denied* 89 NY2d 813 [1997]).

The existence of issues of fact as to the parties' negligence precludes granting summary judgment to Mainco and Stevenson on their indemnity cross claims (*see Rogers*, 32 NY2d at 563).

We have considered the remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Moskowitz and Freedman, JJ.

McGuire, J., dissents in part in a memorandum as follows: Plaintiff was injured when, assisted by employees of defendant Cambridge Security Services Corp., she fell to the eighth floor as she was exiting an elevator that had been stuck between the eighth and ninth floors of the building in which she resided. The building's elevators were maintained by defendant Mainco Elevator & Electrical Corp. pursuant to a contract between it and defendant Stevenson Commons Associates, L.P., the owner of the building. As it is undisputed that plaintiff was not faced with an emergency situation, her conduct in exiting the elevator and Cambridge's conduct in assisting her constituted a superseding cause of her injuries severing any causal link between her injuries and the alleged negligence of Mainco (*see Egan v A.J. Constr. Corp.*, 94 NY2d 839, 841 [1999] [in nonemergency situation, "(a)s a matter of law, plaintiff's act of jumping out of a stalled elevator six feet above the lobby floor after the elevator's doors had been opened manually was not foreseeable in the normal course of events resulting from . . . (the) alleged negligence" of construction contractors and elevator manufacturer]; *Jennings v 1704 Realty, L.L.C.*, 39 AD3d 392, 393 [2007] [in nonemergency situation, "plaintiff's act of manually opening the elevator door and jumping out was not a foreseeable consequence of . . . alleged negligence" of building owner and elevator maintenance company]).

The Cambridge employees did open the elevator door using a

key provided by Mainco and they had been instructed by Mainco on how to open the elevator doors. But it is undisputed that the key and the training were provided in the event of an *emergency*. Because Mainco acted responsibly in foreseeing and providing for the possibility of an emergency, it does not follow that the actions of plaintiff and the Cambridge employees in a nonemergency situation were foreseeable. Under the majority's analysis, Mainco exposed itself to liability in nonemergency situations when it acted to avoid liability in emergency situations by providing Cambridge employees with a key to the elevator doors and instructions on to how to open the doors.

Given Stevenson's nondelegable duty under Multiple Dwelling Law § 78 to maintain the dwelling, including the elevator, in a reasonably safe condition and the evidence from which a jury could find that Cambridge was negligent, Stevenson's motion for summary judgment dismissing plaintiff's complaint was properly denied (*see Mas v Two Bridges Assoc.*, 75 NY2d 680, 687 [1990] ["The owner of a multiple dwelling owes a duty to persons on its premises to maintain them in a reasonably safe condition (Multiple Dwelling Law § 78). This duty is nondelegable and a party injured by the owner's failure to fulfill it may recover from the owner even though the responsibility for maintenance has been transferred to another"]; *Rogers v Dorchester Assoc.*, 32 NY2d 553, 563 [1973] [Multiple Dwelling Law § 78 "had the effect of imputing to (the building owner and manager) the negligence of any delegate insofar as plaintiff's rights to recover were concerned"]; *Franco v P & M Mgt. Realty Corp.*, 41 AD3d 244 [2007] ["Pursuant to Multiple Dwelling Law § 78, defendant had a nondelegable duty to maintain plaintiff's apartment in good repair, and may be vicariously liable for negligence on the part of the independent contractor"]).*

Accordingly, I would grant Mainco's motion for summary judgment dismissing plaintiff's complaint and all cross claims against it, and would accordingly dismiss as moot Mainco's appeal from the denial of its motion for summary judgment on its claims against Cambridge and Stevenson for indemnification. I note, too, that Stevenson's cross claim against Mainco for contractual indemnification fails for an independent reason: although the contract obligates Stevenson to indemnify Mainco under specified conditions, Mainco is not obligated to indemnify

---

* Stevenson asserted claims against Cambridge for contribution or indemnification and sought summary judgment on the indemnification claim. Supreme Court, among other things, denied that aspect of Stevenson's cross motion that sought summary judgment on its claim for indemnification against Cambridge, but Stevenson does not challenge that ruling in its brief.

520

Stevenson. I otherwise agree with the majority's disposition of the appeal and cross appeal.