■ DONALD KOLB et al., Appellants, v BEECHWOOD SEDGEWICK LLC et al., Respondents. [910 NYS2d 437]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered July 9, 2009, which granted defendants' motions for summary judgment dismissing the complaint and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

During a lunch break at his construction site, plaintiff watched his supervisor trying to force open an elevator, which had not been functioning and had been "sitting in the lobby" for about two weeks, by using a "drop key" designed to open

the locks to elevator doors. There was no particular reason why the supervisor wanted to open the door. When he could not do so, plaintiff offered to try. Plaintiff placed the drop key in the hole at the upper left of the elevator door, then physically pushed the door open. As he did so, someone behind him said "you got it." Plaintiff turned around to respond, and, as he did so, stepped through the door into the dark without looking. The elevator was not there. Plaintiff fell 9 or 10 feet into the pit at the bottom of the elevator shaft, from which he was helped out and subsequently transported to the hospital. When an elevator repairman who had been repairing the elevator from the penthouse elevator room noticed that the elevator, which had been in test runs, had been abruptly stopped by what he believed was a break in the "open door circuit," he went to the lobby to investigate. Upon seeing the injured plaintiff, the repairman asked what, exactly, plaintiff had been trying to do. Plaintiff repeatedly acknowledged that he was an "idiot," and did not know what he had been thinking.

The court properly granted summary judgment to defendants dismissing the complaint sounding in negligence. There is not a scintilla of evidence warranting assignment of fault to anyone other than plaintiff, whose independent and intervening conduct was entirely unforeseeable, especially since no emergency was presented justifying his actions (*see Egan v A.J. Constr. Corp.*, 94 NY2d 839 [1999]; *Jennings v 1704 Realty, L.L.C.*, 39 AD3d 392 [2007]; *Weingarten v Windsor Owners Corp.*, 5 AD3d 674 [2004]), and plaintiff did not make even the slightest effort at exercising caution before stepping blindly through the elevator door (*see Schwartz v Paul Tishman Co., Inc.*, 147 NYS2d 71 [1955]).

The court also properly denied plaintiff's belated and unjustified attempt to alter the theory of liability by amending his complaint to interpose claims under Labor Law §§ 200, 240 (1) and § 241 (6) (*see Jennings*, 39 AD3d at 393). Plaintiff's contention that notice was provided by reference to the claims in his supplemental bill of particulars is unavailing, since that is a device to amplify existing claims rather than add new theories of liability (*see Castleton v Broadway Mall Props., Inc.*, 41 AD3d 410, 411 [2007]). In any event, the new claims are meritless. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Nardelli and Richter, JJ.