■ Curtis Rhodes, Appellant-Respondent, v East 81st, LLC, et al., Respondents-Appellants, and Capital Construction Management of New York, LLC, Respondent, et al., Defendant. [916 NYS2d 85]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about June 24, 2009, which, to the extent appealed from as limited by the briefs, granted the respective motions by defendant Capital Construction Management of New York, LLC (Capital) and defendants East 81st, LLC and Ben Zion Suky (the East 81st defendants) for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against them and denied the part of the motion by the East 81st defendants that sought summary judgment on their

cross claim for contractual indemnification against defendant Capital, unanimously affirmed, without costs.

Plaintiff was injured when he jumped from a stalled elevator allegedly at the direction of an employee of the subcontractor. While the record presents issues of fact whether the East 81st defendants had notice that the elevator was problematic and whether they violated their nondelegable duty to inspect the elevator, and whether Capital exercised supervisory control over the work site and had notice that the elevator was problematic (*see Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 555, 556 [2009]), there is no evidence that raises an inference that the elevator was the proximate cause of plaintiff's injuries. Plaintiff was not faced with any immediate danger in the stalled elevator. He jumped from the elevator because of an alleged directive from the subcontractor to do so, and his jump "superseded defendants' conduct and terminated defendants' liability for his injuries" (*see Egan v A.J. Constr. Corp.*, 94 NY2d 839, 841 [1999]).

Conflicting deposition testimony, conflicting documentary evidence and questions as to the parties' intent in drafting the contractual language preclude summary judgment in favor of the East 81st defendants on their claims for contractual indemnification against Capital. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ.