JASON ROMERO, Respondent, v MORRISANIA TOWERS HOUSING COMPANY LIMITED PARTNERSHIP et al., Appellants. [936 NYS2d 202]—

Plaintiff allegedly slipped and fell on a "brownish liquid" in the stairwell of a building owned and managed by the Morrisania defendants, cleaned by the FQM defendants, and monitored by McRoberts. Defendants failed to make a prima facie showing that they did not have notice of the hazardous

condition. Indeed, they did not submit evidence, based on personal knowledge, of their fulfillment of their cleaning and inspection duties at the subject premises on the date in question. Accordingly, the burden did not shift to plaintiff regarding notice (*see e.g. De La Cruz v Lettera Sign & Elec. Co.*, 77 AD3d 566, 566 [2010]).

Nevertheless, McRoberts and the FQM defendants made a prima facie showing that, as service providers pursuant to contracts with Morrisania, they owed no duty of care to plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140-141 [2002]). In response, plaintiff failed to raise a triable issue of fact as to whether McRoberts or FQM launched a force or instrument of harm by failing to exercise reasonable care in the performance of their contractual duties; whether they entirely displaced Morrisania's duty to maintain the premises safely; or whether plaintiff detrimentally relied on the continued performance of their contractual duties. Accordingly, the complaint should have been dismissed as against McRoberts and the FQM defendants.

However, FQM is not entitled to summary judgment dismissing the cross claims against it. In its maintenance contract with the Morrisania defendants, FQM agreed to indemnify the "owner" for any loss arising from its cleaning duties. As noted above, FQM failed to offer competent evidence that it properly performed its maintenance duties on the date in question. Concur—Tom, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.