■ COLLIN A. COLE, Respondent, v HOMES FOR THE HOMELESS INSTITUTE, INC., Appellant-Respondent, and BRINK ELEVATOR CORP. et al., Respondents-Appellants, et al., Defendants. BRINK ELEVATOR CORP., Doing Business as HERK ELEVATOR, Third-Party Plaintiff-Respondent-Appellant, v HOMES FOR THE HOME-LESS, INC., Third-Party Defendant-Appellant-Respondent. [940 NYS2d 642]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered September 27, 2010, which, insofar as appealed from as limited by the briefs, denied defendant Brink Elevator Corp.'s motion for summary judgment dismissing the complaint and all cross claims as against it, and for summary judgment on its third-party claim for contractual indemnification against third-party defendant Homes for the Homeless, Inc. (Homes), and

denied the motion of defendant Homes for the Homeless Institute, Inc. (Institute) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff, an employee of Homes, was injured when the elevator he was operating dropped suddenly. When it came to an abrupt stop, the elevator's ceiling collapsed on top of plaintiff. Homes was the tenant in the building, Institute was the owner of the building, and Brink was the company charged with maintaining the elevator pursuant to a contract with Homes.

The court properly declined to dismiss the complaint as against Brink. We recognize that pursuant to the maintenance contract, Brink undertook to "regularly and systematically examine" the elevator and, when in its "judgment conditions warrant, repair or replace" any defective parts. However, the contract also required Homes to "shut down the equipment immediately upon manifestation of any irregularity in operation or appearance in the equipment, notify [Brink] at once, and keep the equipment shut down until completion of repairs."

The record is clear that on the day of the accident Homes' employees experienced recurring problems with the elevator in question. Rather than notifying Brink at once and taking the elevator out of service, the employees toggled the elevator's circuit breakers and continued to operate the elevator up until the accident. Thus, plaintiff cannot establish that Brink had notice of the defective condition based upon its maintenance obligations alone. This does not end the inquiry.

On a motion for summary judgment, the movant bears the burden of adducing affirmative evidence of its entitlement to summary judgment (*Torres v Industrial Container*, 305 AD2d 136 [2003]). A few months prior to the accident, Brink performed a seven-week-long modernization of the elevator which included replacing the hoist cables that travel over the traction sheave. Brink failed to put forth any evidence of whether the sheave was repaired or replaced in the modernization or, indeed, why it and the cables needed to be replaced as part of Brink's post-accident repair of the elevator. Thus, Brink has failed to establish its prima facie entitlement to summary judgment.

Institute's summary judgment motion was also properly denied because while it asserts that it was an out-of-possession owner of the property, Institute has not established that it did not retain a right of reentry to make repairs. Indeed, Institute has not included a copy of its alleged lease agreement with Homes. Accordingly, questions of fact exist as to whether Institute remains bound by the landowner's statutory duty to keep premises in good repair (*see* Multiple Dwelling Law § 78;

*Bonifacio v 910-930 S. Blvd.*, 295 AD2d 86, 90-91 [2002]; *Manning v New York Tel. Co.*, 157 AD2d 264, 267-268 [1990]).

Institute's contention that it lacked actual or constructive notice of any problem with the elevator is unavailing. As noted, the record here contains evidence of problems with the maintenance of the elevator, and "an owner's nondelegable duty under Multiple Dwelling Law § 78 to keep its premises in good repair includes elevator maintenance" (*Bonifacio* at 91). Although Institute has proffered an affidavit averring that it lacked actual notice of any problems with the elevator, on this record, Institute has failed to establish as a matter of law that it did not have constructive notice (*id.*).

Factual issues as to the negligence of both Brink and Homes preclude the granting of Brink's motion for summary judgment on its contractual indemnification claim (*see Owens v Stevenson Commons Assoc., L.P.*, 64 AD3d 517, 518 [2009]).

We have considered the parties' remaining contentions and find them to be unavailing. Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.