■ Indira Abreu, Respondent, v New York City Housing Authority, Appellant. [961 NYS2d 400]—

Order, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered March 30, 2012, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff sustained injury to her right hand and elbow while

riding in an elevator in defendant's apartment building. On her way up to her fifth-floor apartment, the elevator stopped at the third floor. After a fellow passenger left the elevator cab, the outer door failed to swing completely shut. Plaintiff then pushed the door open with both hands, attempting to let the door swing shut on its own; however, a gap of several inches remained between the door and the door jamb. After two such attempts to close the door proved unsuccessful, plaintiff reached around the edge of the door with her right hand and pulled it toward her, whereupon the door swung closed onto her hand, injuring the middle and ring fingers.

The alleged malfunction of the third-floor elevator door notwithstanding, the defect was not the proximate cause of plaintiff's injury, which was the immediate result of her own act of pulling the door onto her own hand, an action that "was not foreseeable in the normal course of events resulting from defendant['s] alleged negligence" (*Egan v A.J. Constr. Corp.*, 94 NY2d 839, 841 [1999]). Having no interior handle, the elevator door is not designed to be pulled inward, and plaintiff's doing so superseded any defect in the door's condition, severing the nexus between defendant's asserted negligence and plaintiff's injury (*id.*; *see also Rhodes v East 81st, LLC*, 81 AD3d 453 [1st Dept 2011]). As plaintiff conceded, both a stairway and a second elevator afforded safe, alternative access to her fifth-floor destination, and she did not face any circumstances that required her to continue using the defective elevator (*see Jennings v 1704 Realty, L.L.C.*, 39 AD3d 392, 393 [1st Dept 2007]; *cf. Humbach v Goldstein*, 255 AD2d 420 [2d Dept 1998] [question of fact whether attempt to lower himself out of a stalled elevator after futile attempts to summon help and the passage of an indefinite period of time was a foreseeable consequence of an emergency resulting from defendants' negligence]). Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.