Order, Supreme Court, New York County (Paul Wooten, J.), entered January 27, 2012, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was injured when, while on the second-floor plaza of defendant’s building, she leaned over the parapet wall that surrounded the plaza and fell to the ground. Defendant established its entitlement to judgment as a matter of law by submitting, inter alia, photographs of the plaza showing the absence of any actionable defects (see Tagle v Jakob, 97 NY2d 165, 169-170 [2001]), and the affidavit of an expert who opined that the parapet wall surrounding the plaza complied with the Building Code (see Administrative Code of City of NY § 27-334).
*450 Plaintiff’s opposition failed to raise a triable issue of fact. Plaintiff’s testimony does not support a finding that optical confusion was a proximate cause of her accident (see Garcia v New York City Indus. Dev. Agency, 279 AD2d 328 [1st Dept 2001]). Moreover, even accepting plaintiffs claim that she was locked out of the building after entering the plaza, her action of leaning over the 45-inch parapet wall was an unforeseeable, superseding cause of the accident (see e.g. Rhodes v East 81st, LLC, 81 AD3d 453 [1st Dept 2011]).
We have considered plaintiffs remaining arguments, including that defendant’s motion was untimely, and find them unavailing. Concur — Tom, J.P, Andrias, Renwick, DeGrasse and Gische, JJ.