Order, Supreme Court, Bronx County (John A. Barone, J.), entered August 30, 2012, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
“On a motion for summary judgment, the movant bears the burden of adducing affirmative evidence of its entitlement to summary judgment” (Cole v Homes for the Homeless Inst., Inc., 93 AD3d 593, 594 [1st Dept 2012]). Defendant, the exclusive elevator maintenance contractor, did not make a prima facie showing that it either lacked actual or constructive notice of any condition or defect in the subject elevator that would have caused the doors to quickly slam shut and trap plaintiff s hand as she exited, or that it did not fail to use reasonable care to correct a dangerous condition that it should have been aware of (see Rogers v Dorchester Assoc., 32 NY2d 553, 559 [1973]).
Documents produced by defendant, which contain numerous references to recurring problems, some from which it can be reasonably inferred that the doors may have been involved, did not necessarily explain the cause of the defects previously found, and the deposition testimony of defendant’s employee did not establish the lack of notice of the condition that caused plaintiffs accident (see Romero v Morrisania Towers Hous. Co. Ltd. Partnership, 91 AD3d 507, 507-508 [1st Dept 2012]). Defendant’s reliance upon that employee’s affidavit to cure his deposition testimony is unavailing. The affidavit improperly alleges, for the first time in reply, that the employee had personal knowledge of conducting an inspection on the date of the accident (see Matter of Cintron v Calogero, 99 AD3d 456, 458 [1st Dept 2012]) and was improperly tailored to overcome his prior testimony (see Weinberger v 52 Duane Assoc., LLC, 102 AD3d *557 618, 619 [1st Dept 2013]). Moreover, there is no dispute that the elevator had been out of service for three straight days, undergoing 24 hours of labor immediately before plaintiffs incident (see Ruiz-Hernandez v TPE NWI Gen., 106 AD3d 627 [1st Dept 2013]).
Given the insufficiency of defendant’s moving papers, we need not address plaintiffs opposition papers (Romero, 91 AD3d at 508) or consider whether the doctrine of res ipsa loquitur applies. Concur — Tom, J.E, Andrias, Saxe, Freedman and Richter, JJ.