*501 The motion court properly denied Riverside’s motion for summary judgment dismissing the complaint against it. Plaintiff, an employee of Gould Services, who leased the unit at issue from a nonparty to these two actions, alleged that she injured herself while repairing a crack in a terrace door when a gust of wind blew the door closed, causing the door to shut, and the cracked piece to hit her and knock her off of a stool. Riverside, the owner of the building, failed to eliminate any triable issue whether it had a duty, pursuant to an occupancy agreement, to repair the door. The occupancy agreement required Riverside to repair “partitions,” and Riverside presented no evidence to eliminate any triable issue whether a door is a partition. Furthermore, “[pjarties to a contract are able to alter or waive portions of an agreement by their course of conduct” (see Ficus Invs., Inc. v Private Capital Mgt., LLC, 61 AD3d 1, 11 [1st Dept 2009]); the evidence that Riverside had previously made repairs to that unit, including the same door, suggests that any provision in the occupancy agreement requiring the unit owner to repair the door might have been modified by the parties’ subsequent course of conduct.
Triable issues of fact also exist whether Riverside had actual or constructive notice of the defective door, as plaintiff testified she and her supervisor had notified Riverside’s building maintenance men and security guard of the crack in the door roughly one month earlier and shortly before the incident at issue (see Mitchell v City of New York, 29 AD3d 372, 374 [1st Dept 2006]).
Riverside failed to eliminate triable issues of fact whether plaintiffs actions in climbing on the stepstool, as well as the gust of wind that blew the door shut, were supervening causes of her injuries. Plaintiff testified that the cracked piece of the door came loose and hit her as she tried to repair the door, at *502 least arguably a foreseeable consequence of an alleged, failure to repair a crack in the door (see Devoy v 1110/1130 Stadium Owners Corp., 270 AD2d 131 [1st Dept 2000]).
The motion court properly granted third-party defendant Gould Services’ motion for summary judgment dismissing Riverside’s third-party complaint. Workers’ Compensation Law § 11 prohibits most third-party claims for indemnification against an employer for injuries sustained by an employee acting within the scope of employment, except when the employee has sustained a “grave injury,” or when there is a “written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to . . . indemnification of the claimant” (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367 [2005]).
Riverside does not dispute that there was no grave injury, or that Gould Services was plaintiffs employer. Rather, Riverside relies on the indemnification agreement in the occupancy agreement between it and the Gould Foundation. Riverside presented no evidence whether the occupancy agreement, entered into in 1964, was still in effect at the time of the incident in December 1999. In any case, Gould Services was not a party to that agreement. Riverside does not allege any other agreement between Gould Services and Riverside, and thus, the motion court correctly held that Gould Services was under no contractual obligation to indemnify Riverside. Although Riverside maintains that it sued Gould Foundation, not Gould Services, Riverside never raised any formal objection and instead retained Gould Services’ answer and proceeded to litigate the matter against Gould Services (see Glass v Captain Hulbert House, LLC, 103 AD3d 607, 608-609 [2d Dept 2013]; see CPLR 3024).
Finally, Riverside’s notice to admit requested that Gould Services admit that Gould Foundation agreed to maintain and repair the door at issue, and that Gould Foundation contractually agreed to indemnify Riverside pursuant to the occupancy agreement. As both were contested issues and ultimate facts in the case, Riverside was not entitled to have those issues deemed admitted (Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6, 6 [1st Dept 2000]). Concur — Tom, J.P., Saxe, Moskowitz, Gische and Clark, JJ.