■ MANUEL GOMEZ, Appellant, v KOZOT REALTY CORP., Respondent, et al., Defendant. [37 NYS3d 260]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered December 1, 2014, which, to the extent appealed from, granted the motion of defendant Kozot Realty Corp. for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff, who rented a bedroom in a third-floor apartment in a building owned by defendant Kozot, was awakened by knocking on his door in the middle of the night of March 14, 2010. When plaintiff opened the door, one of the apartment's other tenants told him that he should evacuate the building because of a fire at an adjacent building. After gathering some belongings, plaintiff walked from his bedroom into the living room and climbed through the living room window, which was already open, onto the fire escape. According to plaintiff's testimony in a related action, he descended the fire-escape ladder to the second-story platform. At that point, however, instead of using the ladder from the second-story platform to reach ground level, plaintiff, in a panic because of the smoke from the fire at the adjacent building, failed to see the ladder from the platform, jumped to the street below, and was injured.

In this action, plaintiff sues Kozot, the owner of the building in which he lived, for the injuries he incurred as the result of his jump from the fire-escape platform, notwithstanding that it is undisputed that the fire was at an adjacent building, not Kozot's building. Plaintiff, who did not hear any smoke or fire alarm sounding on the night of the fire, posits that Kozot may have failed to provide the building with a properly working smoke or fire alarm, and that, if so, the lack of an adequate device of this nature delayed plaintiff's evacuation on the fire escape until there was so much smoke surrounding the build-

ing that he panicked when he reached the second-story platform, failed to see the ladder, and jumped.

Kozot's summary judgment motion should have been denied. There having been no discovery before Kozot moved for summary judgment, the existing record does not negate plaintiff's theory, nor does plaintiff's deposition testimony in the related action establish, as a matter of law, whether or not there was sufficient smoke in the building to have triggered an adequate and functional smoke or fire alarm soon enough for plaintiff to have avoided the extremely smoky condition he allegedly encountered when he finally did evacuate. Drawing all reasonable inferences in favor of plaintiff, the non-movant, it cannot be said, as a matter of law, that plaintiff's jump from the fire-escape platform, allegedly when he was in a state of fear and shock due to the smoke and nearby flames, was not "a foreseeable consequence of an emergency situation" (*Humbach v Goldstein*, 255 AD2d 420, 421 [2d Dept 1998]), assuming that plaintiff proves that his escape was delayed by Kozot's failure to provide adequate fire safety devices. Although we do not condone plaintiff's failure to take any steps to commence discovery during the nearly 10 months between the service of Kozot's answer and the service of Kozot's summary judgment motion, this delay does not, standing alone, warrant granting that motion (*see* CPLR 3212 [f]). Concur—Friedman, J.P., Acosta, Moskowitz, Kapnick and Gesmer, JJ.