Estrella v Fujitec Am., Inc. (2019 NY Slip Op 08501)





Estrella v Fujitec Am., Inc.


2019 NY Slip Op 08501


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10417 303888/11

[*1] Kirse R. Estrella, Plaintiff-Respondent,
v
Fujitec America, Inc., Defendant-Appellant, Joseph Neto and Associates, Inc., et al., Defendants.


Swartz Law Offices, New York (Gerald Neal Swartz of counsel), for appellant.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered or about April 10, 2019, which denied the motion of defendant Fujitec America, Inc. for summary judgment dismissing the complaint and cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was injured when she attempted to exit a service elevator in the building where she worked after the elevator stalled near the top floor of the building. A coworker testified that the elevator shook and the lights went out for a few seconds. Plaintiff testified that she used the intercom in the elevator to contact the building's doorman, who said he would call the elevator mechanic. A few minutes later, another coworker, who was also in the stalled elevator, pried the door open. Plaintiff saw that the elevator was about 2½ feet above the floor level, and decided to jump out, believing she could do so safely. Under these circumstances, plaintiff's act of jumping from the stalled elevator was an unforeseeable, superseding cause of her accident, which terminates any potential liability of defendant elevator maintenance company for negligent maintenance or repair of the elevator (see Egan v A.J. Constr. Corp., 94 NY2d 839, 841 [1999]; Clifford v Plaza Hous. Dev. Fund Co., Inc., 105 AD3d 609 [1st Dept 2013]). Given the evidence that the elevator had been stalled for only a few minutes and that the doorman had been contacted, there was no emergency situation necessitating plaintiff's jump from the elevator (Clifford at 610).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK