Sahmanovic v Kingsbridge Realty Assoc., LLC (2021 NY Slip Op 05181)





Sahmanovic v Kingsbridge Realty Assoc., LLC


2021 NY Slip Op 05181


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 305450/08, 83919/09 Appeal No. 14256 Case No. 2021-01177 

[*1]Igbala Sahmanovic et al., Plaintiffs-Respondents,
v
Kingsbridge Realty Associates, LLC, Defendant-Appellant. [and a third-party action] 


Rosenbaum & Taylor, P.C., White Plains (Leslie Luke of counsel), for appellant.
Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola (Angelo J. Bongiorno of counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about November 13, 2020, which granted plaintiffs' motion for leave to amend the complaint, unanimously reversed, on the law, without costs, and the motion denied.
While it is true that on a motion for leave to amend the complaint the movants "need not establish the merit of [their] proposed new allegations," they must "show that the proffered amendment is not palpably insufficient or clearly devoid of merit" (Perrotti v Becker, Glynn, Melamed & Muffly, LLP, 82 AD3d 495, 498 [1st Dept 2011]).
Plaintiffs' motion for leave to amend the complaint should have been denied because they failed to demonstrate that the proposed amendment was not palpably insufficient. The proposed claims under Labor Law §§ 200, 240(1), and 241(6) cannot apply here, since the injuries plaintiff Igbala Sahmonovic allegedly sustained occurred while she was performing a routine cleaning of the ground area outside the premises. That type of work is outside the reach of Labor Law §§ 200, 240(1), and 241(6) (see generally Broggy v Rockefeller Group, Inc., 8 NY3d 675, 680 [2007]; Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Brown v Christopher St. Owners Corp., 87 NY2d 938, 939 [1996]).
Furthermore, the supplemental bill of particulars plaintiffs filed almost 12 years after the action was commenced cannot establish that notice was given to defendant, "since that is a device to amplify existing claims rather than add new theories of liability" (Kolb v Beechwood Sedgewick LLC, 78 AD3d 481, 482 [1st Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021