Maria v Concourse Estate, LLC (2021 NY Slip Op 07083)





Maria v Concourse Estate, LLC


2021 NY Slip Op 07083


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Index No. 25790/18E Appeal No. 14895 Case No. 2021-00224, 2021-00981 

[*1]Carlos Maria, Plaintiff-Respondent,
v
Concourse Estate, LLC, Defendant-Appellant, All-Phase Electrical & Security Contracting, Inc. et al., Defendants-Respondents.


Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for appellant.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered on or about December 29, 2020, as amended by order, same court (Edgar G. Walker, J.), entered on or about March 17, 2021, which, to the extent appealed from as limited by the briefs, denied defendant Concourse Estate, LLC's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff Carlos Maria alleges that he slipped and fell on the terrazzo marble floor in the second-floor hallway of his residential apartment building. Defendant Concourse Estate LLC owned the apartment building at the time of the accident. Plaintiff alleges that defendant's employees or contractors created or allowed a slippery, unsafe, trap-like condition on the hallway floor, then failed to properly clean and remove debris or warn of the danger, even though they had actual or constructive notice of the hazardous condition before plaintiff fell.
Supreme Court properly denied defendant's motion for summary judgment on the ground that it failed to establish prima facie that its nonparty contractor did not cause or create the alleged slippery condition of which plaintiff complains while renovating the apartment adjacent to the hallway where plaintiff fell (see Rodriguez v Board of Educ. of the City of N.Y., 107 AD3d 651, 651-652 [1st Dept 2013]). Defendant presented no evidence as to when its contractor last worked at or near the accident location (see Wright v Emigrant Sav. Bank, 112 AD3d 401, 401 [1st Dept 2013]). Defendant also failed to establish that it did not have constructive notice of the condition, as the property manager testified as to defendant's typical course of conduct in maintaining the hallway where plaintiff fell but could not say when the area was last cleaned or inspected, and defendant submitted no documentary proof (see Castillo-Sayre v Citarella Operating LLC, 195 AD3d 513 [1st Dept 2021]; see also Romero v Morrisania Towers Hous. Co. Ltd. Partnership, 91 AD3d 507, 507-508 [1st Dept 2012]).
Defendant's burden as movant was not met by identifying perceived gaps in plaintiff's evidence (see Vazquez v 3M Co., 177 AD3d 428, 429 [1st Dept 2019]; Vargas v Riverbay Corp., 157 AD3d 642 [1st Dept 2018]). Further, plaintiff's own failure to notice the slippery condition before his accident does not establish defendant's lack of notice, as plaintiff testified that he did not see the condition because he was looking at the people he was approaching, not because the condition was not visible (see Barrett v Aero Snow Removal Corp., 167 AD3d 519, 520 [1st Dept 2018]). Defendant's failure to make its prima facie showing requires denial of its motion, regardless of the sufficiency of plaintiff's opposition (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021