Sky Coverage Inc. v Al-Wex Inc. (2022 NY Slip Op 04141)

Sky Coverage Inc. v Al-Wex Inc.

2022 NY Slip Op 04141

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Index No. 652604/18 Appeal No. 16218 Case No. 2021-02342 

[*1]Sky Coverage Inc., et al., Plaintiffs-Appellants,
v
Al-Wex Inc., et al., Defendants-Respondents.

Goldsmith & Fass, New York (Robert Fass of counsel), for appellants.
Goldberg Segalla LLP, New York (Matthew S. Trokenheim of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered June 25, 2021, which granted defendants' motion to vacate (1) the court's prior order, dated May 21, 2020, directing that money remain in escrow, and (2) the court's prior order, dated March 14, 2018, enjoining plaintiff Sky Coverage, Inc. and defendant Alwex, Inc. from disparaging each other, and denied plaintiffs' cross motion for leave to file an amended complaint and for a declaratory judgment, unanimously affirmed, with costs.
Supreme Court properly denied the cross motion for leave to amend. Plaintiff's proposed amended complaint, which sought to add a cause of action for rescission of the parties' settlement agreement, is devoid of merit given this Court's dismissal of that claim in a prior appeal (Sky Coverage Inc. v Alwex Inc., 194 AD3d 587, 587 [1st Dept 2021]; see also Sahmanovic v Kingsbridge Realty Assoc, LLC, 197 AD3d 1077, 1077 [1st Dept 2021]). Supreme Court also correctly declined to permit plaintiffs to seek a declaratory judgment because this Court determined in the prior appeal that plaintiffs had an adequate remedy at law under their breach of contract claim (Sky Coverage Inc., 194 AD3d at 587; see Ithilien Realty Corp v 180 Ludlow Dev LLC, 140 AD3d 621. 622 [1st Dept 2016]). For the same reason, the court correctly vacated the nondisparagement injunction, which it had issued sua sponte (see Credit Index, LLC v RiskWise Intl., LLC, 282 AD2d 246, 247 [1st Dept 2001]). Moreover, the injunction was issued before the parties memorialized their settlement in a written form, and insofar as the formal settlement agreement of March 20, 2018 obliges the parties not to disparage each other, a separate injunction is unnecessary.
Finally, the escrow order was correctly vacated because the original terms of the escrow were premised on the potential for an order of recission-a basis that no longer exists in view of this Court's dismissal of the recission claim. The escrow order is therefore moot, as plaintiffs may seek monetary damages for any economic loss and have failed to demonstrate entitlement to prejudgment attachment (CPLR 6201).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022