True Gate Holding, Ltd. v Baroukhian (2023 NY Slip Op 00971)

True Gate Holding, Ltd. v Baroukhian

2023 NY Slip Op 00971

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 850142/12 Appeal No. 17360 Case No. 2022-02377 

[*1]True Gate Holding, Ltd., Plaintiff-Appellant,
v
Nourallah Baroukhian et al., Defendants-Respondents, Manouchehr Malekan et al., Defendants.

The Feinsilver Law Group, P.C., Brooklyn (David Feinsilver of counsel), for appellant.
Law Offices of Daniel A. Thomas, P.C., New York (Daniel A. Thomas of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered November 15, 2021, which, to the extent appealable, denied plaintiff's motion for leave to renew its motion to confirm the report of the Referee and for entry of a judgment of foreclosure and sale, unanimously affirmed, without costs. Appeal from that part of the order denying leave to reargue the motion, unanimously dismissed, without costs, as taken from a nonappealable paper.
Plaintiff properly sought renewal in order to supply the oath of the Referee appointed in connection with a prior foreclosure action that was settled in 1997. The motion court observed that the report, which was relied upon by the Referee appointed in this action, was inadmissible without the oath (see Hernandez v Marcano, 161 AD3d 676, 677 [1st Dept 2018]; B.B.Y. Diamonds Corp. v Five Star Designs, 6 AD3d 263, 263 [1st Dept 2004]). Here, the motion court providently exercised its discretion in denying the motion upon renewal, because plaintiff's submission of the prior Referee's oath did not address the court's concern that the current report was not supported by sufficient admissible evidence in the record (see U.S. Bank N.A. v Chait, 197 AD3d 1077 [1st Dept 2021]; Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705 [1st Dept 1985]).
To the extent plaintiff contends that the motion court should have found that the doctrine of equitable estoppel was applicable, that argument was offered in support of its motion to reargue, and an order denying reargument is not appealable (see CPLR 5701[a][2][viii]; Menkes v Delikat, 148 AD3d 442, 442 [1st Dept 2017]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023