938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp. (2023 NY Slip Op 03885)

938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp.

2023 NY Slip Op 03885

Decided on July 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 20, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Mendez, Pitt-Burke, JJ. 

Index No. 850233/18, 595851/19 Appeal No. 308 Case No. 2022-03843 

[*1]938 St. Nicholas Avenue Lender LLC, Plaintiff-Appellant,
v
936-938 Cliffcrest Housing Development Fund Corporation, Defendant-Respondent, New York City Department of Housing Preservation and Development et al., Defendants. [And a Third-Party Action]

Kriss & Feuerstein LLP, New York (Greg A. Friedman of counsel), for appellant.
The Kurland Group, New York (Erica T. Healey-Kagan of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about January 31, 2022, which, to the extent appealed from, denied plaintiff's motion for summary judgment against defendant 936-938 Cliffcrest Housing Development Fund Corporation on its foreclosure cause of action and an order of reference, unanimously affirmed, without costs.
Contrary to plaintiff's contention, the court was not bound by the findings in the orders issued in the prior foreclosure action brought against defendant (Peny & Co. v 936-938 Cliffcrest Housing, Sup Ct, NY County, index No. 850011/2013). Those findings do not have collateral estoppel effect on the issue of plaintiff's standing to bring this action, as they were not "final" in light of the ultimate dismissal of that action (see Morley v Quinones, 208 AD2d 813 [2d Dept 1994]). Nor was the court bound by the May 31, 2019 order issued in this action under the law of the case doctrine, since that order was rendered on a motion to dismiss pursuant to CPLR 3211, which applies standards different from those on summary judgment (see Matter of Bullard, 206 AD3d 489, 489-490 [1st Dept 2022]).
The court correctly determined that plaintiff failed to establish its prima facie entitlement to summary judgment based on the affidavits that were submitted. The supporting affidavits from David Aviram, plaintiff's manager, and Harrison Rayford, the managing member of plaintiff's assignor 936 Coogans Bluff, LLC, laid a proper foundation for the admission of the records of plaintiff and Coogans Bluff, but were insufficient to establish a foundation under CPLR 4518 for the admission of business records of any of the former holders of the note and mortgage (see Berkshire Bank v Fawer, 187 AD3d 535 [1st Dept 2020]; Federal Natl. Mtge. Assn. v Allanah, 200 AD3d 947, 949 [2d Dept 2021]). The affidavit dated October 3, 2014 of Helene Rudolph, a Vice President and Deputy General Counsel of The Community Preservation Corporation, the loan servicer for both Peny & Co. (Peny) and State of New York Mortgage Agency (SONYMA), former holders of the note and mortgage, was also insufficient and defective, because although she had personal knowledge of the records of Peny and SONYMA, the documents referenced in her affidavit were not annexed to the affidavit nor properly identified, even if they were located somewhere in the record (see U.S. Bank N.A. v Chait, 197 AD3d 1077, 1078 [1st Dept 2021]). Thus, the court providently declined to deem the 2014 Rudolph Affidavit adequate to authenticate the mortgage and note submitted with the present motion. The court also properly determined that the allonges did not establish plaintiff's standing as the holder of the note (see generally Nationstar Mtge., LLC v Calomarde, 201 AD3d 940, 942 [2d Dept 2022]; HSBC Bank USA, N. A. v Roumiantseva, 130 AD3d 983, 985 [2d Dept 2015]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 20, 2023