Breitel, J.
 

 In this article 78 proceeding to declare unconstitutional the Emergency Repair Program of the New York City Department of Health (Administrative Code of City of New York, §§ 564r-15.0 to 564-31.0) only two issues merit discussion. They involve the sufficiency of notice afforded a landlord of an order to abate a nuisance, and the postponement of adjudication of the landlord’s liability for repairs until after his tenants have been ordered to pay their rent to the department to satisfy the repair claims.
 

 The nuisance, a blocked toilet, was located in an apartment at 116 West 139th Street in Manhattan, occupied by a welfare recipient of the city. She asserted that she telephoned the landlord’s office and reported the stoppage on December 23, 1966, but that when no repairs were made she telephoned again on December 27, and was told by the landlord that repairs would not be made under any circumstances. Later that day she visited the landlord, whose principal again refused to make repairs, and threatened eviction if she complained to the authorities. Upon receipt of her complaint, an employee of the City Depart
 
 *542
 
 ment of Buildings telephoned the landlord that same day. The landlord, however, argues that it knew nothing of the stoppage, which was wholly within the tenant’s apartment, until it received a bill for repair of the toilet. The bill for the repair and administrative expenses was $58.10, although such repairs had usually been of nominal cost to the landlord, and had never exceeded $25.
 

 The Administrative Code provides that landlords and tenants are jointly and severally liable for nuisances (§ 564-17.0). The Board of Health may declare a building or a portion of a building a nuisance or dangerous to life and health, and order the condition abated (§ 564-18.0). If the nuisance continues unabated, the Board of Health, or any agency of the city, may execute the order by making the necessary repairs (§ 564-20.0) and demand payment from those liable to abate the nuisance (§§ 564-22.0 to 564-26.0). The department may demand payment of the sum due from those owing rent to the landlord (§§ 564427.0 to 564430.0). The money so collected is held by the department in anticipation of an action by the landlord to recover the money thus collected (§ 564-31.0), at which time the issue of liability may, presumably, be litigated.
 

 The code provides that a landlord be given personal service ■of the order to abate, or, if necessary, service by mail or posting of the order on the offending premises (§ 564421.0, subds. a, b). The Board of Health is empowered, however, to declare that a nuisance is so widespread that the regular provisions for notice are not feasible. Instead, by general newspaper publication, without specification of names and addresses, the board may order that
 
 ‘ ‘
 
 any such nuisance which may exist upon or in any real or personal property or place located within the area or areas specified in such order ” be abated (§ 564-21.0, subd. c). (The issue was not tendered in this case whether the code provisions apply only to nuisances existing at the time the board adopts its order, or may extend to future nuisances, and that issue is, therefore, not considered.)
 

 On January 29, 1965, the Board of Health passed and subsequently published a resolution declaring buildings without,
 
 inter alia,
 
 effective sewage disposal facilities a nuisance, and ordered that adequate sewage disposal facilities be provided throughout the city.
 

 
 *543
 
 Occasions may arise requiring abatement of a nuisance without any prior notice to those otherwise charged with the duty to abate, when the giving of notice is not feasible. Eeasonable notice must be given, wherever possible, however, to provide a landlord, or other party, opportunity to abate the nuisance not created by him or of which he may not have, and could not have, actual notice by reason of control or operation, in a manner causing the least disruption to the premises and minimizing the costs which he must bear ultimately. The blockage of tenant’s toilet, occurring entirely within the tenant’s apartment, is such a case. Even if a blocked toilet causes such ‘1 imminent peril” as to justify emergency abatement procedures (see § 564-20.0), a telephone call to the landlord informing him of the order would not only be a reasonable form of notice, but might conceivably expedite the repair. (Indeed, the Department of Buildings, charged with implementation of emergency repairs, provides in its internal manual of procedure that repairs are to be made only in the event a landlord cannot be located or is unwilling to make repairs.)
 

 In the instant case, the pleadings reveal contested issues of fact involving the notice assertedly given the landlord by both the tenant and Department of Buildings. Whatever the code provision’s (§ 564-21.0, subd. c) application to nuisances created after the order is promulgated, an order to abate may not be enforced with respect to a nuisance not created by the landlord other than one of which he must have or should have known because of actual control, or operation, unless the department makes reasonable efforts to notify the landlord, beyond a notice by general publication made before creation of the nuisance in question.
 

 The proceeding should be remanded for a resolution of the factual issue.
 

 Although the landlord is entitled to notice and an initial opportunity to effect necessary repairs, he is not entitled to a judicial determination of liability before his tenants are asked to make payments due from them as rent directly to the department. First, except in cases of imminent peril, which a toilet blockage may be, the Administrative Code provides for an administrative hearing to challenge the order to abate prior to its execution (§ 564-19,0). Second, the requested rent payments are limited
 
 *544
 
 by the statute to the outstanding cost of the repairs, and the landlord may sue to recover any rents collected and establish his nonliability. There is no authority to hold rents in excess of the amount of the costs, and the retention of any such excess would be invalid and unconscionable. ‘ ‘ Where only property rights are involved, mere postponement of the judicial inquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate ”
 
 (Phillips
 
 v.
 
 Commissioner,
 
 283 U. S. 589, 596-601). The instant procedure involves none of the special irreversible economic hardships requiring prior judicial proceedings, as does wage garnishment
 
 (Sniadach
 
 v.
 
 Family Finance Corp.,
 
 395 U. S. 337) or termination of public assistance payments
 
 (Goldberg
 
 v.
 
 Kelly,
 
 397 U. S. 254).
 

 Accordingly, the order of the Appellate Division should be modified, without costs, and the case remanded to the Supreme Court for further proceedings in accordance with this opinion.
 

 Chief Judge Fuld and Judges Scileppi, Bergan, Jasen and Gibson concur; Judge Bubke taking no part.
 

 Order modified, without costs, by remitting matter to Supreme Court, New York County, for a hearing in accordance with the opinion herein, and, as so modified, affirmed.