** Summary **
AUTHORITY OF CITY TO CLEAN UP PRIVATE PROPERTY Title 11 O.S. 20 [11-20] (1971), which authorizes city officials to remove trash and weeds and mow grass located on privately owned property after notice to the owner and an opportunity for hearing, is constitutional. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Is Title 11 O.S. 20 [11-20] (1971) constitutional? 2. If it is constitutional is the action strictly limited to mowing or picking up trash? Title 11 O.S. 20 [11-20] (1971) confers upon the city or town the right to clean up private property. Section 20 states in part that: "After fifteen (15) days notice by a city or town to the property owner by posting upon certain property within the limits of such city or town and by written notice to the owner thereof by certified mail with the return receipt requested at the address shown by the current year's tax rolls in the County Treasurer's office, a hearing may be held by the governing body of any city or town of this State to determine whether the accumulation of trash or the growth of weeds or grass has caused the property so posted to become detrimental to the health, benefit and welfare of the public in the community or a hazard to traffic or creates a fire hazard to the danger of property and upon a finding that the condition of the property requires such a conclusion, and that the property would be benefitted by the removal of such conditions, the governing body of the city or town may cause the property to be cleaned of trash and the weeds and grass cut or mowed and for such purpose the agents of the city or town are hereby granted the right of entry on such property for the performance of the necessary duties as a governmental function of the city or town." Section 11 O.S. 20 [11-20] of Title 11 further provides that owners are to be billed for the cost of cleaning and mowing. If these costs are not paid within six months, then the county treasurer will levy the costs against the property involved, and the treasurer may enforce payment by foreclosure of a lien on the property. The general rule in Oklahoma to be be used in construing the constitutionality of a statute is expressed in Spearman v. Williams, Okl., 415 P.2d 597, 600 (1966), wherein the Court said: "The Constitution (Article V, Section 36) vests in the Legislature the supreme power to enact laws to meet the needs of the State; the Legislature's acts are presumed constitutional and should be upheld unless plainly and clearly within express prohibitions and limitations fixed by the Constitution, or unless it exercised its authority arbitrarily and capriciously and any doubt should be resolved in favor of the power of the Legislature. Tate v. Logan, Okl., 362 P.2d 670; Allen v. Burkhart, Okl., 377 P.2d 821; Gates v. Easter, Okl., 354 P.2d 438, 441." Under this rule the constitutionality of Title 11 O.S. 20 [11-20] (1971) is presumed unless it is clearly or plainly within express prohibitions of the Constitution. Since there are no specific allegations as to the statute's possible unconstitutional aspects, we must look to the character of the statute. It is apparent that 11 O.S. 20 [11-20] (1971) has its effect through the "police power" of the State. "The police power is an attribute of sovereignty, inherent in every sovereign state, and not derived from any written constitution nor vested by grant of any superior power. "The term 'police power' comprehends the power to make and enforce all wholesome and reasonable laws and regulations necessary to the maintenance, upbuilding, and advancement of the public weal and protection of the public interest. "It is plastic in its nature, and will expand to meet the actual requirements of an advanced civilization and will submit itself to the necessities of moral, sanitary, economic, and political conditions. "No principle in our system of government will limit the right of government to respond to the public needs and protect the public welfare." Sixth syllabus, Ex parte Tindall, 102 Okl. 197,229 P. 125 (1924). The states have very broad power to enact laws and regulations to benefit the general health, safety, and welfare of the people. The enactment of a statute allowing cities to remove trash and mow grass which has become detrimental to the welfare or benefit of the community was clearly within the Legislature's power to guard against harm to the urban environment. The police power of the state is limited by the due process requirement of the Fourteenth Amendment to the United States Constitution and Article II, Section 7 of the Oklahoma Constitution, which provides: "No person shall be deprived of life, liberty or property without due process of law." " 'Due process of law' is meant the enforcement of a right or prevention of wrong, before a legally constituted tribunal having jurisdiction over the class of cases to which the one in question belongs, with notice to the party upon whom the law exhausts itself, or upon whose property rights it operates, with an opportunity to appear and be heard in his own defense." Wilhite v. Cruce,172 P. 962, 70 Okl. 70 (1918). Section 11 O.S. 20 [11-20] of Title 11 provides in part that: "After fifteen (15) days notice by a city or town to the property owner by posting upon certain property within the limits of such city or town and by written notice to the owner thereof by certified mail with return receipt requested at the address shown by the current year's tax roll in the county treasurer's office, a hearing may be held by the governing body of the city or town of this State to determine whether the accumulation of trash . . . ." Section 20 of Title 11 on its face complies with the due process clause of the Oklahoma and Federal Constitutions by requiring in advance of any action taken against a person's property that a hearing shall be held to determine the question of whether the property, through accumulation of trash or growth of weeds or grass, has become detrimental to the health and welfare of the public, a hazard to traffic, or a fire hazard. The due process clause requires that a person shall have notice and an opportunity to be heard before his proprietary rights are significantly affected. This right to a hearing is of little value unless a person has an accompanying right to be informed that a matter is pending and the right to choose for himself whether he will appear or default, acquiesce or contest. The due process clause of the Federal Constitution requires that notices of hearing must be reasonably calculated to inform affected persons of the pendency of the matter and the time and place where the hearing will be held. Section 20 of Title 11 requires the posting of a notice on the property affected and written notice by mail to the owner to the address shown by the current year's tax roll in the county treasurer's office. In most cases, this notice will be adequate to inform the owner of the action proposed by the city. However, the due process clause requires the best type of notice feasible under the circumstances. Mullane v. Central Hanover Bank Trust Co., 339 U.S. 306,70 S.Ct. 652, 94 L.Ed. 865 (1950). Because public officials must comply with constitutional as well as statutory requirements con cerning notices, additional efforts to give actual notice to the owner of the property in question might be required in cases where the property is unoccupied and the actual address of the owner is reasonably available to city officials. See Mullane v. Central Hanover Bank Trust Co., supra; Bradford v. Schmucker, 135 F.2d 991, 996 (1943); Velazquez v. Thompson, 451 F.2d 202, 205 (2d Cir. 1971); Holt v. Brown,336 F. Supp. 2 (W.D.Ky, 1971); 100 West 154th Street Realty Co. v. City of New York, 26 N.Y.2d 538, 260 N.E.2d 534
(1970); 66 C.J.S. Nuisances, 108. Your second question inquired whether the action of the city officials is limited to clearing of trash and weeds and mowing of grass. Title 11 O.S. 20 [11-20] (1971) states that "the governing body of the city or town may cause the property to be cleaned of trash and the weeds and grass cut or mowed. . . ." No authority to remove other materials is given to city officials by Section 20 of Title 11. After notice and hearing, a city may remove trash, weeds, and mowed grass from the property. However, no other materials may be moved except pursuant to other provisions of law. Where the language of a statute is plain and unambiguous and the meaning is clear and unmistakable, there is no room for construction, and no justification exists for interpretative devices to fabricate a different meaning. In re Guardianship of Campbell, Okl., 450 P.2d 203 (1966). It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative; Title 11 O.S. 20 [11-20] (1971) is constitutional. While the statutory requirements of notice and hearing are mandatory, the due process clauses of the Oklahoma and Federal Constitutions will require that additional efforts to give notice should be made in certain cases. Your second question is also answered in the affirmative; city officials acting under 11 O.S. 20 [11-20] (1971) are empowered only to clean property of trash and weeds and to cut or mow grass. (C. Larry Pain)