OPINION OF THE COURT
Memorandum.
Judgments unanimously reversed, without costs, and a new trial ordered.
Three separate actions to correct existing Housing Code violations and for civil penalties were commenced against the various defendants. The actions were consolidated for trial purposes and a fine of $500 was levied against the defendants.
At the trial, the proof of the plaintiff took the form of the admission into evidence of the computer data base for the buildings in question, which listed the violations of record for said buildings. Plaintiff also introduced a “certification of non-certification” pursuant to CPLR 4521 from the custodian of records that defendants had failed to certify *814 that the violations had been corrected. The proof of the defendants basically took the form of the testimony of one of the defendants to the effect that the violations were corrected. She further explained that she returned the notices of violation to the municipal building and that one of plaintiff’s inspectors took the form from her. However, this witness did not submit one bill, one check or any other evidence to support her testimony that the work was in fact done.
Under subdivision 3 of section 328 of the Multiple Dwelling Law, the data base is prima facie evidence “of any matter stated therein” and the courts are to take judicial notice of it “as if [the] same were certified”. The failure of an owner to file a certification of compliance “shall establish a prima facie case that such violation has not been corrected” (Administrative Code of City of New York, § D26-51.01, subd [f], par [7]). It is the opinion of this court that the proof submitted by the defendants was not sufficient to refute the prima facie case which those statutes established. To permit a property owner to come into court and merely testify that the violations were removed, without any supporting evidence, would vitiate the impact of the Housing Code (Administrative Code, § D26-1.01 etseq.) of this city and render it meaningless.
The determination of the trial court did not specify which violations it found not to have been corrected and for which buildings. Since there is a measure of discretion given to the trial court in assessing the fine to be imposed, we remand these cases for a trial de nova at which time defendants will be afforded an opportunity to properly refute the claim that the violations were not corrected.
Pino, P. J., Buschmann and Kunzeman, JJ., concur.