OPINION OF THE COURT
Memorandum.
Order affirmed, without costs.
In the record before us, it appears that one tenant in a multiple dwelling made a complaint of lack of heat and hot water. After an inspector came to her apartment, a violation was placed against the respondents by placing a 1% inch by 5 inch sticker in a “conspicuous” place in the public hallway of the building. No further notice was given to the *650 landlord until this proceeding was commenced to recover penalties of $250 per day for each day the condition was presumed to continue. The court below declared subdivision (k) of section D26-51.01 of the Administrative Code of the City of New York unconstitutional.
Subdivision (k) of section D26-51.01 of the Administrative Code prior to the 1982 amendment provided that a person who did not provide heat or hot water would be subjected to $250 in fines “from the date the violation is placed.” At that time, the petitioner herein was required to post the notice of violation “in a conspicuous place on the premises” and mail the notice of violation to the person in charge of the premises or to the registered managing agent, if there was one. This section was amended on November 10, 1982, by eliminating the second notice requirement and by creating a presumption that the violation continued to exist from the date notice of violation was posted by the inspector.
There is no doubt that procedural due process is complied with since the party being charged with the violation is given notice of the pendency of the action and an opportunity to present his defense (20 NY Jur 2d, Constitutional Law, §§ 400-405; Fire Dept. of City of N. Y. v Gilmour, 149 NY 453, 459). What concerns this court is whether substantive due process exists herein.
The ordinance in question was enacted pursuant to the police power of the municipality. It extends to all matters that are reasonable and “[T]he means adopted must be reasonably necessary and appropriate for, and reasonably adapted and designed to accomplish, an object falling within the legitimate scope of the police power” (20 NY Jur 2d, Constitutional Law, § 220, pp 323-324; §§ 221, 222). In Lighthouse Shores v Town of Islip (41 NY2d 7, 11-12) the court spoke of substantive due process and stated: “The ordinance may not be arbitrary. It must be reasonably related to some manifest evil which, however, need only be reasonably apprehended * * * and, if any state of facts known or to be assumed, justifies the disputed measure, this court’s power of inquiry ends. Thus, as to reasonableness, plaintiffs in order to succeed have the burden of showing that ‘no reasonable basis at all’ existed for the challenged portions of the ordinance.”
*651 In the case at bar, a fine of $250 per day would commence from the date the violation is posted. Part of the legislative history of subdivision (k) of section D26-51.01 of the Administrative Code is found in the report of the committee on housing and buildings prior to the 1982 amendment and it states in part that: “the lack of heat and hot water in tenant-occupied dwellings during the winter months is immediately hazardous to the health and safety of the occupants. To certain segments of the population such as the very young, the ill and elderly, the situation can be life threatening. It is imperative that landlords live up to their responsibility in this area.” (Emphasis added.)
When the ordinance in question was amended in November of 1982, the report of the committee on housing and buildings stated in part that “The mailing requirement set forth in the original legislation has also been eliminated with the purpose of seeing that the prosecution of these heat and hot water violations are expedited.” (Emphasis added.)
It is the opinion of this court that while the enactment of the ordinance in question is obviously a valid exercise of the police power of the municipality and is therefore constitutional on its face, it is unconstitutional as applied to the facts herein (see 16 Am Jur 2d, Constitutional Law, § 273, pp 757-758). In the case at bar, the facts indicate that the landlord installed a new heat and hot water system one month prior to the complaint herein. There do not appear to be any other complaints from any other tenants of the building in the record before us. The violation that requires repair is inside a tenant’s apartment, not subject to the control of the landlord or its agent and there is no showing of any complaint to the landlord or to the agent and no notification to them until the commencement of this proceeding. As set forth in the legislative reports (supra), the prime purpose of the section in question is to correct hazardous and health-impairing violations as soon as possible. It does not appear to be the purpose of this section to function as a revenue device for the City of New York. The only “notice” to the landlord prior to the commencement of the proceeding is a peel-off sticker 1% inches by 5 inches. There is nothing in the section which calls the dangerous condition to the attention of the land *652 lord so that it can be corrected. In speaking of a notice to be given to a landlord (albeit in another context) in Matter of 300 West 154th St. Realty Co. v Department of Bldgs., 26 NY2d 538, 543) the court stated:
“Occasions may arise requiring abatement of a nuisance without any prior notice to those otherwise charged with the duty to abate, when the giving of notice is not feasible. Reasonable notice must be given, wherever possible, however, to provide a landlord, or other party, opportunity to abate the nuisance not created by him or of which he may not have and could not have, actual notice by reason of control, or operation, in a manner causing the least disruption to the premises and minimizing the costs which he must bear ultimately * * * [A] telephone call to the landlord informing him of the order would not only be a reasonable form of notice, but might conceivably expedite the repair * * *
“In the instant case, the pleadings reveal contested issues of fact involving the notice assertedly given the landlord by both the tenant and Department of Buildings * * * [A]n order to abate may not be enforced with respect to a nuisance not created by the landlord other than one of which he must have or should have known because of actual control or operation, unless the department makes reasonable efforts to notify the landlord, beyond a notice by general publication made before creation of the nuisance in question.” (Emphasis added.)
It is the opinion of this court that where the condition complained of is not created by the landlord (such as in the case at bar, where it is solely within the confines of one tenant’s apartment), where the landlord or his agent has not been notified of the complaint by the tenant and where there is no reasonable way for the landlord to have known of such condition (no complaints from other tenants), then the ordinance in question, as amended, does not accomplish the purposes set forth in the report of the committee on housing and buildings, wherein it stated that the lack of hot water “is immediately hazardous to the health and safety of the occupants.” The only purpose of the ordinance is to recover revenue, which is not even used for the correction of the condition complained of. In the case at *653 bar, this condition does not come to the attention of the landlord until the proceeding is commenced. For the reasons stated above, we conclude that the ordinance in question is unconstitutional as applied.
Pino, P. J., Jones and Kunzeman, JJ., concur.