■ DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, Appellant, v JOHN DE BONA et al., Respondents. — In a proceeding, *inter alia,* to impose civil penalties pursuant to subdivision (k) of section D26-51.01 of the Administrative Code of the City of New York, petitioner appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated August 12, 1983, which affirmed an order of the Civil Court, Queens County (Milano, J.), dated March 4, 1983, which granted respondents' motion to dismiss the petition. ¶ Orders dated August 12, 1983 and March 4, 1983 reversed, on the law, with costs, respondents' motion denied, and matter remitted to the Civil Court, Queens County, for further proceedings consistent herewith. ¶ The notice provision of subdivision (k) of section D26-51.01 of the Administrative Code of the City of New York is reasonably calculated, under all the circumstances, to apprise a building owner of an inadequate heat and/or hot water violation (see *Mullane v Central Hanover Trust Co.,* 339 US 306). The notice is affixed to the certificate of inspection visits. If an owner is reasonably diligent in providing 24-hour per day janitorial service, as required by sections D26-22.03 and D26-22.05 of the Administrative Code, he will have notice of any malfunction in the heating and hot water system, which is within his actual operation and control, and will be aware of the violation notice. ¶ Moreover, " 'Where only property rights are involved, mere postponement of the judicial inquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of liability is adequate' " (*Matter of 300 West 154th St. Realty Co. v Department of Bldgs.,* 26 NY2d 538, 544, quoting from *Phillips v Commissioner,* 283 US 589, 596-597). Although civil penalties for the violation run from the date the notice is affixed to the certificate of inspection visits and there is a presumption of a continuing violation, penalties cannot be collected or otherwise enforced, until a judicial proceeding is brought (Administrative Code, § D26-51.03, subd [a]). At this proceeding, the owner may negate the existence of any violation, rebut the presumption of a continuing violation, or otherwise present a defense (Administrative Code, § D26-51.01, subd [k], par [3]). Thus, the owner is afforded a full hearing on the merits prior to the deprivation of any property rights. ¶ Furthermore, an "exceedingly strong presumption of constitutionality" attaches to ordinances of municipalities (*Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11). This ordinance clearly furthers the legislative goals of protecting tenants' health and safety, and of remedying violations as expeditiously as possible. ¶ The New York City Council has determined that inadequate heat and hot water poses a serious

threat to tenants' health, and that some landlords have not been conscientious in providing these essential services. Imposition of civil penalties acts as a deterrent to these landlords' failure to comply with the law. The enactment of the presumption of a continuing violation protects the tenants' rights by removing the onerous burden of proof that the violation existed on every date in question. ¶ To require the additional service of a notice of the violation upon the landlord prior to the commencement of a judicial proceeding to recover civil penalties would be superfluous and could only delay enforcement proceedings. If the owner is in compliance with code provisions concerning the furnishing of essential services, he will have notice of the condition and the violation. Moreover, the possibility of the penalty and the posting of the violation notice may compel owners to be more vigilant in inspecting the premises and ensuring that services are available as required by law. ¶ Accordingly, this matter is remitted to the Civil Court, Queens County, for an evidentiary hearing. At the hearing, respondents may raise any question concerning the tenant's complaint and the violation. Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.