*19 OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
The court below properly held Code of Ordinances of the City of Newburgh § 183.14 (A) (4) to be constitutional. Contrary to defendant’s contention, the requirements of procedural due process are notice and an opportunity to be heard, which were provided in this case (see e.g. Kennedy v Mossafa, 100 NY2d 1 [2003]; Garden Homes Woodlands Co. v Town of Dover, 95 NY2d 516 [2000]), not an opportunity to cure (see Department of Hous. Preserv. & Dev. of City of N.Y. v De Bona, 101 AD2d 875 [1984]). A requirement of notice to abate a nuisance, to which defendant compares the proceedings against him, attaches only where the owner has no notice of the condition and cannot be charged with actual or constructive knowledge of it, for example, where a violation exists within demised premises (Matter of 300 W. 154th St. Realty Co. v Department of Bldgs. of City of N.Y., 26 NY2d 538, 543 [1970]; People v Brown, 115 Misc 2d 277 [1982]). Putting out garbage at a public curbside does not fall within this category, and imposing a fine upon defendant for such a violation at least encourages him to see that his tenants comply with the ordinance in the future, whether through a superintendent or property manager or by other means. In any event, the ordinance at issue regulates the time and place of putting out garbage for collection. This activity is a normal part of municipal living, and cannot be considered a nuisance of the kind addressed by Matter of 300 W. 154th St. Realty Co. and similar cases, any more than is parking in a no-parking zone, for which, in general, no opportunity to cure is provided prior to ticketing and even towing.
For the same reasons, the court below properly denied defendant’s pretrial motion, made on essentially identical grounds, to dismiss the accusatory instrument.
McCabe, P.J., Rudolph and Angiolillo, JJ., concur.