Gerald v Jones (2025 NY Slip Op 51035(U))

[*1]

Gerald v Jones

2025 NY Slip Op 51035(U)

Decided on June 27, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 27, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570323/25

Emanuel Gerald, Plaintiff-Appellant, 
against
Sharon Jones, Defendant-Respondent.

Plaintiff appeals from an order of the Small Claims Part of the Civil Court of the City of New York, Bronx County (Jessica I. Bourbon, J.), dated June 13, 2024, which rejected a referee's report and sua sponte dismissed the claim as time-barred.

Per Curiam.
Order (Jessica I. Bourbon, J.), dated June 13, 2024, reversed, without costs, claim reinstated, referee's report confirmed and judgment directed in favor of plaintiff in the principal sum of $6,000.
Upon defendant's failure to appear in this small claims action, the court referred the matter to a referee for an inquest, and to hear and report findings to the court. Following the inquest, the referee issued a report finding that plaintiff's credible testimony and exhibits, including a promissory note, established a prima facie case that defendant failed to repay a $6,000 loan. The court, however, rejected the referee's report, dismissed plaintiff's claim and entered judgment in favor of defendant, based upon its sua sponte determination that plaintiff's claim was barred by the six-year statute of limitations. We reverse.
"In a small claims action, if the defense of statute of limitations is not raised as an issue by a party, whether by motion or at trial, it is waived" (Allstar Prods., Inc. v Forman, 78 Misc 3d 129[A], 2023 NY Slip Op 50293[U] [App Term, 2d, 11th & 13th Jud Dists 2023]). Since defendant, who defaulted, never raised the statute of limitations as an issue, the defense was waived. Consequently, the dismissal of the action on the ground that the claim was barred by the statute of limitations failed to render substantial justice between the parties according to the rules and principles of substantive law (see id., citing CCA 1804, 1807). Based upon the referee's report, claimant is entitled to an award of damages in the principal sum of $6,000.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 27, 2025