20 Warren St. LLC v Kumar (2025 NY Slip Op 51036(U))

[*1]

20 Warren St. LLC v Kumar

2025 NY Slip Op 51036(U)

Decided on June 27, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 27, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570414/25

20 Warren Street LLC, Petitioner-Landlord-Respondent, 
against
Vishal Kumar and Daniel Kromolowski, Respondents-Tenants-Appellants.

Tenants appeal from an order of the Civil Court of the City of New York, New York County (Frances A. Ortiz, J.), dated January 25, 2023, which denied their motion to vacate a stipulation of settlement in a holdover summary proceeding.

Per Curiam.
Order (Frances A. Ortiz, J.), dated January 25, 2023, affirmed, with $10 costs.
Civil Court properly denied tenants' motion to vacate the two-attorney, so-ordered stipulation settling the underlying holdover summary proceeding. No persuasive showing was made that the stipulation was tainted by fraud, collusion, mistake or accident (see Hallock v State of New York, 64 NY2d 224, 230 [1984]), that the agreement was unconscionable or contrary to public policy (see McCoy v Feinman, 99 NY2d 295, 302 [2002]), or that it would be inequitable or unfair to hold the parties to their bargain (see Mattter of Frutiger, 29 NY2d 143, 149-150 [1971]). As noted by the motion court, tenants "received the benefit of the bargain" by receiving, among other things, over seven months to vacate the unregulated apartment, a waiver of over $160,000 in unpaid use and occupancy, and an agreement for "bathroom" repairs. Tenants' contentions that the stipulation of settlement was unconscionable or contrary to public policy essentially because they wanted additional repairs performed by landlord prior to their vacatur are "improperly raised for the first time on appeal" (Estreich v Jewish Home Lifecare, 178 AD3d 543, 544-545 [2019]), and, in any event, are without merit.
Nor was there any basis to vacate the stipulation based upon tenants' alleged difficulty hearing the proceedings remotely, since their counsel - who was present in the courtroom and executed the written stipulation - was clothed with apparent authority to enter into the settlement (see Hallock v State, 64 NY2d at 231-232). Nor have tenants established the requisite extraordinary circumstances to support a claim for ineffective assistance of counsel in the context of civil litigation (see 3900 Broadway Holding, LLC v Cruz, 50 Misc 3d 141[A], 2016 NY Slip [*2]Op 50193[U] [App Term, 1st Dept 2016]).
We note that tenants were evicted from the premises in March 2023.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 27, 2025