100 Realty Equities LLC v Yifei Tian
2026 NY Slip Op 50940(U)
June 17, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Stipulations—Stipulation of Settlement-Holdover Summary Proceeding-Enforcement of Agreement

100 Realty Equities LLC, Petitioner-Landlord-Respondent,
v
Yifei Tian, Respondent-Tenant-Appellant.

Supreme Court, Appellate Term, First Department
Decided on June 17, 2026
570505/26
Present: Tisch, J.P., Perez, Alpert, JJ.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated June 24, 2025, which denied her motion to vacate a stipulation of settlement and restore the matter to the calendar in a holdover summary proceeding.
[*1]
Per Curiam.
Order (Jack Stoller, J.), dated June 24, 2025, affirmed, without costs.
As a preliminary matter, although the notice of appeal recites the incorrect date of Civil Court's order, we exercise our discretion to treat the notice of appeal as valid pursuant to CPLR 5520 (c) (see Foye v Parker, 15 AD3d 907 [2005]).
Civil Court properly denied tenant's motion to vacate the so-ordered stipulation settling the underlying holdover summary proceeding, whereby tenant agreed to surrender the premises in exchange for landlord's waiver of several years of rent arrears (amounting to more than $47,874), and a monetary "buyout" payment of $20,000. No showing was made that the stipulation was tainted by fraud, collusion, mistake or accident (see Hallock v State of New York, 64 NY2d 224, 230 [1984]), that the agreement was unconscionable or against public policy (see McCoy v Feinman, 99 NY2d 295, 302 [2002]), or that it would be unfair to hold the parties to their bargain (see Matter of Frutiger, 29 NY2d 143, 149-150 [1971]; see also 20 Warren St. LLC v Kumar, 86 Misc 3d 132(A), 2025 NY Slip Op 51036(U) [App Term, 1st Dept 2025]). Indeed, given the circumstances under which the stipulation was executed and the provisions advantageous to tenant, "equity would not be served by refusing to enforce the stipulation" (Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 156 [2006]).
Tenant's claim that a language barrier prevented her from fully understanding the terms of the stipulation is without merit, as she was offered the opportunity to have a Mandarin interpreter present at multiple appearances but repeatedly declined to utilize an interpreter, and her "pro se papers in both the motion court and this Court indicate that [her] English was strong enough to have grasped the fairly straightforward provisions of the stipulation in issue" (Starayeva v Starayev, 50 AD3d 354, 354 [2008]). Also unavailing is tenant's claim that she lacked proper legal representation and was unable to secure it, since she had retained the New York Legal Assistance Group at an early stage of the proceeding but informed them that she wished to [*2]relieve them approximately two weeks after they first appeared on her behalf. Tenant chose not to retain new counsel during the five months that elapsed from the date counsel was relieved to the date the parties signed the stipulation.
Tenant's remaining arguments, which include that she signed the stipulation under duress, that the court failed to consider evidence submitted in support of her motion for the first time in reply (see e.g. Benedetto v Hyatt Corp., 203 AD3d 505, 507 [2022]), and/or that the agreement was not the product of informed, voluntary consent, have
been considered and rejected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 17, 2026